UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

WEALCAN ENTERPRISES, INC.,

        Plaintiff,

   -v-                                            No. 08 Civ. 4044 (LTS)(GWG)

CNAN GROUP S.p.A. and CNAN MAGHREB
LINES,

        Defendants.

----------------------------------------------------------x



## ORDER

In this action arising out of a maritime dispute, Plaintiff Wealcan Enterprises, Inc. ("Plaintiff"), a Panamanian business entity, submitted an *ex parte* request for an order permitting the attachment of the assets of Algerian business entities CNAN Group, S.p.A. ("CGS") and CNAN Maghreb Lines ("CML") (collectively, "Defendants"), pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Maritime Rules"). The Court issued an Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment (the "Attachment Order"), and subsequent to Plaintiff's attachment of Defendants' assets, Defendants moved to vacate the Attachment Order pursuant to Rule E of the Supplemental Maritime Rules. Defendants asserted that they enjoy sovereign immunity under the Foreign Sovereign Immunity Act ("FSIA"), thus depriving the Court of subject matter jurisdiction and compelling the vacatur of the Attachment Order. 28 U.S.C. §§ 1602 - 1611. Plaintiff opposed the motion, asserting that under Dole Food Co. v. Patrickson, 538 U.S. 468 (2003), neither CGS nor

CML falls within the FSIA's definition of "instrumentalities" of a foreign state.[1]

On March 9, 2009, the Court concluded that it was unable to determine based on the limited record before it whether Defendants had met their burden under the FSIA, noting that "Defendants provide no further proof [other than an unsupported proffer in an affidavit] evidencing that SGP Gestramar is the Algerian Government or a political division thereof . . . nor do they explain why SGP Gestramar is designated as an 'S.p.A.', that is, an entity owned by shareholders, if indeed it is the Government itself." (Docket entry no. 21 (the "March 9 Order").) The Court ordered the parties "to conduct immediate, limited discovery with respect to the status of SGP Gestramar, the ownership structure of CGS and CML, and any other issue essential to the resolution of the question whether Defendants are 'instrumentalities' of the Algerian Government, as that term is defined in the FSIA." Id. The parties were required to complete discovery and file any supplemental argumentative or evidentiary submissions on or before May 14, 2009. (Docket entry nos. 21, 24.)

Plaintiff timely filed a Supplemental Memorandum of Law in Opposition to Defendants' Motion to Vacate the Attachment, supported by the Supplemental Declaration of Gina M. Venezia, in which Plaintiff proffers that it served interrogatories and document requests on Defendants but received no response. Defendants have not filed any supplemental submissions in response to the March 9 Order, and the time to do so has expired. The Court concludes that Defendants have failed to meet their burden of establishing foreign sovereign immunity. See Cargill Intern. S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1016 (2d Cir. 1993) ("the ultimate burden of persuasion [under the FSIA] remains with the alleged foreign sovereign"); Fed. R. Civ. P.

---

[1] According to Defendants' motion papers, CGS is owned by Societe de Gestion des Participations Transport Maritime S.p.A. ("SGP Gestramar"), and CML is owned by CGS.

32(b)(2)(A).

## CONCLUSION

Defendants' motion to vacate the Attachment is denied. The evidentiary hearing previously scheduled for May 28, 2009, is cancelled. This Order resolves docket entry no. 9.

SO ORDERED.

Dated: New York, New York
      May 26, 2009

                                        LAURA TAYLOR SWAIN
                                        United States District Judge